**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | Case No.: 21-cv-1617 |
| *Plaintiffs,* | |
| | Judge: |
| v. | |
| PENHALL COMPANY, a California corporation and PENHALL INVESTMENTS, INC., a California corporation, | Magistrate Judge: |
| *Defendants.* | |

**COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendants, allege as follows:

**JURISDICTION AND VENUE**

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest

1

Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow Trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Penhall Company ("Penhall Co.") is a corporation organized under the laws of the State of California.

8. Defendant Penhall Investments, Inc. ("Penhall Inv.") a corporation organized under the laws of the State of California.

## CLAIM FOR RELIEF

9. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10. On or about July 29, 2018, Penhall Co. directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote and/or at least 80% of the total value of outstanding shares of all classes of stock of Penhall Inv.

11. On or about July 29, 2018, Penhall Co. and Penhall Inv. were a group of trades or businesses under common control (the "Penhall Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

12. The Penhall Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

13. During all relevant times, Penhall Co. was bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters under which Penhall Co. was required to make contributions to the Pension Fund on behalf of certain of its employees.

14. The Pension Fund determined that on or about July 29, 2018, the Penhall Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

15. As a result of this complete withdrawal, the Penhall Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $2,198,647.57 as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

TM: 602861 / 21410003 / 1/14/2021

16. On or about November 12, 2020, the Penhall Controlled Group, through Penhall Co., received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

17. On or about December 18, 2020, the Penhall Controlled Group, through Penhall Co., received a notice from the Pension Fund pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due, and which forewarned the Penhall Controlled Group of the consequences of its failure to pay such withdrawal liability.

18. The Penhall Controlled Group did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

19. The Penhall Controlled Group failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

20. Each of the Defendants, as members of the Penhall Controlled Group, are jointly and severally liable to the Pension Fund for the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

    (i) $2,198,647.57 in withdrawal liability;

    (ii) interest computed and charged at an annualized interest rate equal

TM: 602861 / 21410003 / 1/14/2021

                to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

      (iii)    an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

      (iv)    attorney's fees and costs.

(b)    Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

March 24, 2021

*/s/ Caitlin M. McNulty*
Caitlin M. McNulty (ARDC #6317985)
Attorney for Plaintiffs
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 939-2463
cmcnulty@centralstatesfunds.org

TM: 602861 / 21410003 / 1/14/2021